# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.                                                                                              C.A. NO. 09-543 S

WILLIAM BEGONES ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Jonathan L. Moore, *pro se*, for hearing pursuant to Local Rule 7(e) in order for him to make an oral argument regarding the relief requested in his complaint (Docket # 3). As plaintiff seeks the Court to order the disciplinary charges be expunged from his prison record and his immediate release from punitive segregation,[1] his motion shall also be treated as a motion for a preliminary injunction. For the reasons set forth below, I recommend that plaintiff's motions for a hearing and preliminary injunction be denied.

Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 against three ACI correctional officers (the "Complaint") (Docket # 1). Plaintiff alleged, *inter alia*, that the officers violated his rights to due process in connection with an allegedly false disciplinary charge lodged against him and retaliated against him for engaging in constitutionally protected activity. Plaintiff moved for leave to proceed *in forma pauperis*, and I screened the Complaint as directed by 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). In a Report and Recommendation filed simultaneously herewith, I have recommended that the Complaint be dismissed pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted (Docket # 5). Accordingly, as a preliminary injunction requires a finding of likelihood of success on the merits, *see Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 46 (1st Cir. 2005), plaintiff's motions for a preliminary injunction in connection with his claims in the Complaint and to have a hearing regarding the same should be denied. I so recommend.

---

[1] Plaintiff cites to *Franco v. Kelly*, 854 F.2d 584 (1988), in support of his request for a Court order expunging his prison disciplinary record in this § 1983 action. However, the plaintiff in *Franco* had his prison disciplinary record expunged in a separate action in New York state court pursuant to Article 78 of the New York Civil Practice Law and Rules prior to filing the § 1983 action in federal court at issue in *Franco*. 584 F.2d at 585 (citing *Franco v. Kelly*, 115 A.D.2d 1016, 497 N.Y.S.2d 974 (4th Dep't 1985)(affirming state court ruling granting expunction).

1

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
December 1, 2009