UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JONATHAN L. MOORE

v.                                                                                     C.A. NO. 09-543 S

WILLIAM BEGONES ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Jonathan L. Moore, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket # 4). Plaintiff, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") against three ACI correctional officers (the "Complaint") (Docket # 1). This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED with prejudice and plaintiff's motion to proceed *in forma pauperis* be DENIED.

## BACKGROUND

The following background is based on allegations plaintiff makes in the Complaint, as well as the affidavit and attachment referred to and filed with the Complaint (Dockets ## 1, 2 & 3, respectively). Plaintiff alleges that, on September 30, 2009, defendant Lieutenant Galligan informed one of plaintiff's fellow inmates, who is a gang member, that plaintiff had snitched on the inmate at a disciplinary hearing. Plaintiff alleges that as a result he feared being attacked by the gang members. He states that he filed a grievance form on October 13, 2009 complaining about Lietuenant Galligan's actions and requesting to be moved to a different facility away from the gang members who were threatening him.

Plaintiff further alleges that on October 20, 2009 Captain Headen witnessed numerous inmates threatening plaintiff, but failed to take action regarding the threats. That same day plaintiff filled out a request form addressed to Captain Headen stating that he needed to be moved to a different facility for safety reasons. He attached a note to the request form in which he stated, in part, "You just came down here and witnessed a portion of my conditions. I am

1

being threatened with bodily harm 24/7." Captain Headen wrote on the request form and attachment that she would forward the documents to Deputy Auger and then signed both papers. She did not indicate any disagreement with the documents' content.

Plaintiff also alleges that he wrote to the director regarding the October 20th threats and, as a result, was interviewed by defendant William Begones. Plaintiff states that Mr. Begones then interviewed Captain Headen; however, Captain Headen told Mr. Begones that she had not witnessed any threats toward plaintiff. Plaintiff alleges Captain Headen lied to cover up her deliberate indifference in not responding regarding to the threats she allegedly heard being made against plaintiff on October 20th. Thereafter, Mr. Begones filed allegedly false disciplinary charges against plaintiff. The charges stated that plaintiff purposely misled a corrections department investigation by lying when he claimed that Captain Headen had witnessed threats being made against him.

At a disciplinary hearing regarding the charges held on November 6, 2009, Lieutenant Galligan found plaintiff guilty and imposed 30 days of disciplinary confinement and loss of good time. Plaintiff states that, although he requested witnesses at the disciplinary hearing regarding the charges, he was not allowed to call any witnesses.

Plaintiff filed the instant action on or about November 12, 2009 alleging that defendants Captain Headen, William Begones, and Lieutenant Galligan violated his rights to due process under the Fourteenth Amendment to the United States Constitution. Specifically, he claims that Captain Headen falsified her testimony to Mr. Begones and her report for the disciplinary board by saying she did not witness threats against plaintiff on October 20th. He further suggests that Captain Headen's signature on the October 20, 2009 request form and attachment is clear evidence that she is lying because the documents imply that Captain Headen witnessed the threats against plaintiff but she did not indicate an objection to the content of such documents.

Plaintiff also claims that Mr. Begones filed a false disciplinary charge against him. Finally, plaintiff alleges that Lieutenant Galligan refused to allow him witnesses at his disciplinary hearing and, in finding him guilty, ignored the obvious evidence of his innocence provided by Captain Headen's signature on the October 20th documents. Plaintiff alleges that Lieutenant Galligan acted in retaliation for the complaint plaintiff lodged against Lieutenant Galligan in the grievance form plaintiff filed on October 13, 2009.

2

Plaintiff seeks injunctive relief ordering his release from disciplinary confinement and the expunction of the guilty finding from his prison discipline record. Additionally, he seeks $300,000 in punitive damages.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action, *inter alia*, fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss claims for reasons identical to those set forth in § 1915(e)(2). 28 U.S.C. § 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on a 12(b)(6) motion. *See Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I. June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim on which relief may be granted, the complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57)(inner quotations omitted).

### II. Legal Standard Under § 1983

To maintain a § 1983 action, the conduct of which plaintiff complains must have (1) been committed by a person acting under color of state law and (2) deprived the plaintiff of a constitutional right or a federal statutory right. *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). Here, although defendants were acting under state law, plaintiff has failed to allege facts indicating that defendants deprived him of a constitutional or federal statutory right.

3

### III. Captain Headen and William Begones

Plaintiff seems to allege that Captain Headen and William Begones violated his Fourteenth Amendment rights to due process. He asserts that Headen fabricated evidence on which a false disciplinary charge and guilty finding against him were based and Begones filed the false disciplinary charge.

The Fourteenth Amendment Due Process Clause protects individuals against the deprivation of life, liberty or property without proper due process. *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). Therefore, the procedural protections apply only if a liberty or property interest is abrogated. *See Sandin v. Connor*, 515 U.S. 472, 487, 115 S.Ct. 2293 (1995). Here, plaintiff has not alleged such violation. First, a prisoner does not have a free-standing liberty interest in not having a false disciplinary charge leveled against him. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2$^d$ Cir. 1986), *cert. denied*, 485 U.S. 982, 108 S.Ct. 1273 (1988); *Williams v. Foote*, No. 08-2838, 2009 WL 1520029, at *7 (C.D.Cal. May 28, 2009). Thus, to the extent plaintiff seeks to assert claims against defendant Headen for allegedly fabricating evidence and Begones for allegedly filing a false disciplinary charge based on such evidence, plaintiff's claims are insufficient to state a due process violation.

Additionally, plaintiff asserts that due to the allegedly fabricated evidence and false disciplinary charge, he received 30 days in segregation and loss of good time credit. However, plaintiff does not have a liberty interest in avoiding either punishment. *See Sandin*, 515 U.S. at 487 (holding that a state created liberty interest protected by the Due Process Clause generally involves a restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and punitive segregation for a term of 30 days did not impose such hardship); *see also Williams v. Wall*, No. 06-12S, 2006 WL 2854296, at *3 (D.R.I. Oct. 04, 2006)(21 days of segregation and loss of good time at ACI fails to implicate liberty interest); *Almeida v. Wall*, No. 08-184S, 2008 WL 5377924, at *6-7 (D.R.I., Dec. 23, 2008)(no liberty interest in good time credit under R.I. Gen. Laws § 42-56-24 (1998 Reenactment)). Accordingly, to the extent plaintiff suggests that Headen and Begones, as parties responsible for the resulting discipline, violated his due process rights, plaintiff's claims still fail. Therefore, I recommend that plaintiff's claims against Headen and Begones be dismissed with prejudice.

4

## IV. Lieutenant Galligan

Plaintiff seems to allege that Lieutenant Galligan violated his rights to Due Process under the Fourteenth Amendment by failing to permit him to call witnesses at his disciplinary hearing and by finding him guilty despite substantial evidence that he was not guilty. Additionally, plaintiff seems to contend that Lieutenant Galligan acted in retaliation for plaintiff's filing a grievance against him. As discussed below, both allegations fail.

### A. Due Process

A prisoner is guaranteed minimal procedural safeguards under the Due Process Clause of the Fourteenth Amendment when facing a disciplinary hearing that may result in the loss of a liberty interest. *Wolff*, 418 U.S. at 556. Safeguards to protect a prisoner's liberty interest include "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken," *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)(citing *Wolff*, 418 U.S. at 563-67), as well as the requirement that the disciplinary hearing decision be supported by "some evidence in the record," *id.* However, as discussed above, plaintiff's short-term confinement and loss of good time here did not implicate a protected liberty interest; therefore, such procedural safeguards were not constitutionally required. *See Sandin*, 515 U.S. at 487; *Almeida*, 2008 WL 5377924, at *6-7. Accordingly, plaintiff's claimed right to procedural protections under the Fourteenth Amendment is without merit and should be dismissed with prejudice for failing to state a claim on which relief may be granted. I so recommend.

### B. Retaliation

Plaintiff also contends that Lieutenant Galligan found him guilty of the disciplinary charge in retaliation for the grievance plaintiff filed against Lieutenant Galligan a month earlier. The First Amendment protects, *inter alia*, a citizen's right to petition the government. U.S. Const. amend. I. The right to petition the government is "among the most precious of the liberties safeguarded by the Bill of Rights," *United Mine Workers v. Ill. State Bar Ass'n*, 389 U.S. 217, 222, 88 S.Ct. 353 (1967), and includes the right to file grievances pursuant to grievance procedures established by prisons, *Hightower v. Vose*, 95 F.3d 1146 (1st Cir. 1996). Retaliatory action for the exercise of this right is itself a violation of the Constitution actionable

5

under 42 U.S.C. § 1983, even if the action, standing alone, would not violate the constitution. *Id.*; *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999) (en banc).

A claim asserting retaliation for the exercise of a constitutional right consists of three elements: (1) the plaintiff engaged in constitutionally protected conduct; (2) the plaintiff suffered an adverse action that would deter a person of ordinary firmness from the exercise of the right at stake; and (3) there was a causal connection between the constitutionally protected conduct and the adverse action. *Thaddeus-X*, 175 F.3d at 394; *Price v. Wall*, 464 F.Supp.2d 90, 96 (D.R.I. 2006). However, "defendants may avoid liability by showing that they would have taken the same action even in the absence of the prisoner's protected conduct." *Roy v. Stanley*, No. 02-555, 2005 WL 2290276, at *5 (D.N.H. Sept. 20, 2005)(citing *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 10 (1st Cir. 2005)); *see also McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979)(plaintiff must demonstrate that retaliatory act would not have occurred "but for" protected conduct). Furthermore, even if the defendant had an impermissible reason for the alleged adverse action, if a separate, permissible reason exists, the defendant will not be liable. *See Sullivan v. Corr., Me. Warden*, 96 F.3d 1430 (1st Cir. 1996); *Graham v. Henderson*, 89 F.3d 75, 79 (2nd Cir. 1996); *Goff v. Burton*, 7 F.3d 734, 737 (8th Cir. 1993), *cert. denied* 512 U.S. 1209, 114 S.Ct. 2684 (1994).

Here, assuming *arguendo* that plaintiff alleged sufficient facts to state that he suffered adverse action as a result of engaging in protected conduct, his pleadings also allege facts showing that Lieutenant Galligan had a permissible reason for imposing segregation and loss of good time. Specifically, plaintiff's allegations that Captain Headen filed a report stating that she did not hear any threats against plaintiff provides sufficient basis for Lieutenant Galligan to have found plaintiff guilty of the disciplinary charge against him. Plaintiff suggests that Captain Headen's signature on the October 20, 2009 request form and attachment, without an objection to the content, is clear evidence that the report was false, and, thus, Lieutenant Galligan had no permissible reason on which to base the guilty finding. However, even construing the facts in the light most favorable to plaintiff, such reasoning provides no more than "a sheer possibility that a defendant has acted unlawfully" and, thus, ... "'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

Accordingly, on the face of the Complaint, plaintiff's claim of retaliation fails to state a claim on which relief may be granted and should be dismissed with prejudice. I so recommend.

## CONCLUSION

As discussed above, plaintiff's claims that (1) defendants violated his due process rights under the Fourteenth Amendment by fabricating evidence, filing false disciplinary charges, refusing to allow him to call witnesses at his disciplinary hearing, and finding him guilty at the hearing and (2) Lieutenant Galligan violated his First Amendment rights by finding him guilty in retaliation for filing a grievance fail to state claims on which relief may be granted. Accordingly, I recommend that the Complaint be DISMISSED with prejudice in its entirety and plaintiff's motion to proceed *in forma pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
December 1, 2009